# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | |
|---|---|
| Richard Clementi | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Portfolio Recovery Associates, LLC | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Manchester, NJ at all times relevant to this action.

2. Defendant is a Delaware limited liability company that maintained its principal place of business in Norfolk, VA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Capital One, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around September 8, 2010, Plaintiff retained an attorney to file bankruptcy.

14. On or around January 26, 2011, Plaintiff's attorney faxed Defendant written notice of Plaintiff's representation with respect to the debt.

15. Plaintiff's attorney's notice instructed Defendant to cease communications with Plaintiff with respect to the debt.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around February 3, February 8, February 9, February 13 and February 23, 2011.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

20. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

22. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

**<u>JURY DEMAND</u>**

23. Plaintiff demands a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman,

By: _/s/ Alana M. Carrion_
Alana M. Carrion
17 Academy Street, Suite 610
Newark, NJ 07102
Tel: 1.888.303.0431
axc@legalhelpers.com
_Attorney for Plaintiff_